UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD BERNARD BLOCK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2501 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM AND ORDER ON DISMISSAL</u>

Petitioner Gerald Bernard Block, a state inmate incarcerated in the Ellis Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), has filed a habeas corpus petition challenging the execution of his sentence.  (Docket No. 1.)  Because Petitioner has failed to exhaust available state remedies, the Court will dismiss this action without prejudice.

<u>Claims</u>

On August 25, 1987, Petitioner pleaded *nolo contendre* to the offense of murder in the 337th District Court of Harris County, Texas (Cause No. 939030), and was sentenced to life imprisonment.  (Docket No. 1.)  Petitioner did not file a direct appeal from his conviction.  On April 29, 2013, Petitioner filed a state habeas petition challenging his denial of release to mandatory supervision and asserting ineffective assistance of trial counsel.  Petitioner asserted that his trial counsel misled him to believe he would be eligible for mandatory supervision under his plea bargain.  On July 24, 2013, the Texas Court of Criminal Appeals dismissed the petition without written order citing Texas Government Code § 501.008,[1] which prohibits an inmate from

---

1 http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2534259 (viewed Jan. 16, 2014).

filing a state application for writ of habeas corpus challenging the time credited toward his sentence until he receives a written decision from the State, or, if no written decision is issued, until the 180th day after he filed the time-credit claim.  TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004).

In his present federal habeas suit Petitioner seeks relief on the grounds that the State has violated his due process rights by:

1. Using an unconstitutional *ex post facto* law to deny Petitioner release to mandatory supervision.

2. Refusing to calculate Petitioner's release date according to applicable statutes.

3. Denying Petitioner release to mandatory supervision based on improper, inapplicable, or meritless legal standards.

4. Failing to grant, calculate or apply Petitioner's good-conduct time toward his eligibility for parole or mandatory supervision.

5. Denying Petitioner the effective assistance of counsel in relation to his plea negotiation and sentencing.

(Docket No. 1 at 6-8.)

<u>Analysis</u>

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
(A)    the applicant has exhausted the remedies available in the

2

> courts of the State; or
>
> (B)(I)   there is an absence of available State corrective process; or
>
>     (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>                * * * *
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the highest state court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

Under Texas law, a challenge to the calculation of time credited toward an inmate's sentence or his eligibility for mandatory supervision may be raised via a writ of habeas corpus under article 11.07.  *See Ex parte Mathis*, No.WR-66285-02, 2009 WL 1165437 (Tex. Crim. App. 2009) (not designated for publication).  However, before a petitioner may seek state habeas relief on such a claim, he must exhaust his time-credit claim in accordance with state law.  *Id.* Such claims filed in Texas after January 1, 2000, are not cognizable on a writ of habeas corpus unless the inmate seeking time-credit relief has first exhausted administrative remedies by complying with Section 501.0081 of the Texas Government Code.  *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).  Section 501.0081 prohibits an inmate challenging the

time credited on his sentence from filing a state application for writ of habeas corpus until he receives a written decision from the State or if no written decision is issued, until the 180th day after he filed the time-credit claim.  TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004).

Here, Petitioner has not shown that he fairly presented his claims to the Texas Court of Criminal Appeals in accordance with state law before filing his federal petition.  Instead, the record shows that Petitioner's state habeas action was dismissed based on his failure to comply with Texas Government Code § 501.008.[2]  Thus, the petition here clearly presents unexhausted claims and is subject to dismissal under 28 U.S.C. § 2254.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.").  Furthermore, Petitioner has not shown that there is no available corrective process in state court, or, that there are circumstances that render such process ineffective.  28 U.S.C. § 2254(b)(1)(B); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).  Accordingly, the Court will dismiss the pending petition for failure to exhaust state remedies.

---

2  http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2534259 (viewed Jan. 16, 2014).

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has determined that Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be DENIED.

<u>Conclusion</u>

Based on the foregoing, the Court ORDERS as follows:

1.  The petition is DISMISSED WITHOUT PREJUDICE based on Petitioner's failure to exhaust all available state remedies as required by 28 U.S.C. § 2254.

2.  All pending motions, if any, are DENIED.

3.  A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 3rd day of February, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE